UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BM MERCHANDISING CO., LTD., | Honorable Madeline Cox Arleo |
| Plaintiff, | Civil Action No. 11-7246 (SDW) |
| v. | **REPORT AND RECOMMENDATION** |
| PIPER RIDGE, LLC and VINCENT NESI, | |
| Defendants. | |

## BACKGROUND

On December 13, 2011, plaintiff BM Merchandising Company, Ltd. ("plainitff") filed the Complaint. On February 20, 2012, defendants Piper Ridge, LLC ("Piper Ridge") and Vincent Nesi ("Nesi") (sometimes collectively, "defendants") filed an Answer with affirmative defenses (Docket Entry No. 7).

On February 22, 2012, this Court issued a Pretrial Scheduling Order, advising all parties that a Scheduling Conference would be held on April 16, 2012. Following the April 16 conference, this Court entered an Arbitration Scheduling Order on April 17, 2012 ("April 17 Scheduling Order"), setting forth, among other things, a May 1, 2012 deadline for serving written discovery with answers due within thirty days of receipt. Fact discovery was scheduled to close on September 1, 2012. A status conference was scheduled for June 27, 2012, which was later rescheduled to July 30, 2012. The April 17 Scheduling Order emphasized that failure to comply with the discovery schedule will result in the imposition of sanctions pursuant to Fed. R. Civ. P. 16(f) and 37.

On June 20, 2012, Yiling Wang, counsel for plaintiff, wrote to the Court, requesting permission to file a motion for summary judgment. Plaintiff sought leave, in part, because

defendants have failed to comply with their discovery obligations. Specifically, defendants had not provides answers to plaintiff's written discovery or appeared for their scheduled depositions and defense counsel had not returned attorney Wang's telephone calls to discuss same.

On June 29, 2012, plaintiff's counsel requested leave to file a motion to compel discovery based on defendants' aforementioned discovery infractions. In the June 29 letter, attorney Wang noted that defense counsel, Joshua Denbeaux, expressed his intention to file a motion to withdraw as counsel for both defendants.

On July 5, 2012, attorney Denbeaux filed the motion to withdraw. His motion was based on his clients' failure to execute the proposed retainer agreement, effectively communicate or cooperate with counsel, or respond to outstanding discovery. Plaintiff did not oppose the motion to withdraw, but requested leave to file a motion for sanctions under Fed. R. Civ. P. 11.

On July 19, 2012, this Court entered an Order, granting Mr. Denbeaux' motion and directing him to provide defendants with a copy of the Order. ("July 19 Order"). The July 19 Order directed Piper Ridge to have new counsel enter an appearance on its behalf by August 9, 2012, as a corporate entity cannot represent itself under applicable law. The July 19 Order also provided that if new counsel failed to enter an appearance on behalf of plaintiff by August 9, 2012, the Court would ask the District Judge to strike its Answer and enter default against it.

As to individual defendant Vincent Nesi, if new counsel was not secured by August 9, 2012, the Court would then deem them to be proceeding on a pro se basis. The attorneys and *pro se* parties were directed to appear for status conference on August 21, 2012 at 12:00 p.m.. The July 19 Order admonished that failure to appear would result in sanctions, and that the Court would consider the request to file motions for summary judgment and to compel discovery after August 21, 2012.

2

On August 21, 2012, no party or counsel appeared on behalf of Nesi or Piper Ridge. On August 24, 2012, the Court issued an Order to Show Cause why monetary/reprimand sanctions should not be imposed pursuant to Fed. R. Civ. P. 16(f), arising out of the failure of defendants Nesi and Piper Ridge to attend the Court ordered August 21, 2012, Conference.[1] The Order to Show Cause was returnable September 10, 2012 at 11:00 a.m. These parties were directed to file any written submissions with the Court by September 7, 2012.

Before the September 10th hearing, neither Nesi nor Piper Ridge filed any written submissions. No party or counsel appeared on behalf of either defendant at the September 10, 2012 Order to Show Cause hearing.

## DISCUSSION

### A.   *Imposition of Sanctions Against Corporate Defendant Piper Ridge*

The failure of corporate defendant Piper Ridge to retain counsel requires this Court to recommend that the District Court strike the Answer with affirmative defenses as to this corporate defendant (Dkt. Entry 7), order that default be entered against it, and permit plaintiff to proceed to judgment by default as to defendant Piper Ridge. It is well-settled in the Third Circuit that corporations cannot represent themselves pro se. See Simbraw v. United States, 367 F.2d 373, 374 (3d. Cir. 1966).

Following this Court's order of July 19, 2012 relieving Mr. Denbeaux as defense counsel, this Court afforded Piper Ridge three weeks, until August 9, 2012, to retain new counsel, and explained that a corporate entity cannot represent itself under applicable law. Additionally, the Court

---

[1] The Order to Show Cause mistakenly referred to former defense counsel Denbeaux in the salutation, but the Order to Show Cause was properly addressed to defendant Nesi in his individual capacity and as corporate representative for defendant Piper Ridge.

warned Piper Ridge that if counsel failed to enter an appearance on its behalf by August 9, 2012, this Court would ask the District Court to strike its Answer and enter default against it.

Despite the Court's order, Piper Ridge has not retained counsel. Further, counsel failed to appear on its behalf at both the August 21, 2012 status conference and the September 10, 2012 Order to Show Cause hearing. Therefore, I recommend that the District Court strike the Answer with affirmative defenses of corporate defendant Piper Ridge (Dkt. Entry 7), enter default against it, and allow plaintiff to proceed to judgment by default as to defendant Piper Ridge.

**B.   *Imposition of Sanctions Against Individual Defendant Vincent Nesi***

The failure of individual defendant, Vincent Nesi, to comply with the Orders of this Court and his discovery obligations requires this Court to determine the appropriate sanctions to impose. In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered in determining whether to dismiss a plaintiff's action. Poulis, 747 F.2d at 868. The Poulis factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868. The Court is required to balance each factor in its analysis. Id.

1. The Extent of Nesi's Personal Responsibility

Following the Court's July 19, 2012 Order relieving Denbeaux as counsel for both defendants, the Court afforded Nesi twenty-one (21) days, until August 9, 2012 to retain new counsel or appear before the Court on a pro se basis. Instead, Nesi chose not to appear before the Court on

August 21, 2012 or September 10, 2012, as directed. Indeed, at no time has Nesi ever attempted to contact the Court seeking additional time to retain counsel or to explain his failure to comply with the Court's orders or his outstanding discovery obligations. This Court finds that Nesi is personally responsible for his failure to comply with the Orders of this Court and his discovery obligations. His failure to appear, defend against this action, and provide discovery responses demonstrates a willful decision to disregard the orders of the Court. Despite the Court's warnings that continued failure to comply would result in sanctions, Nesi ignored the Court's orders of July 19, 2012 and August 24, 2012.

Nesi is not exempt for responsibility for failure to abide by Court orders simply because he is treated as a pro se litigant. "[A]ll litigants, including pro ses, have an obligation to comply with Court orders. When they flout that obligation, they, like all litigants, must suffer the consequences of their actions." Burns v. Glick, 158 F.R.D. 354, 356 (E.D. Pa. 1994). Nesi has continuously failed to comply with court ordered appearances for conferences or answer discovery. Accordingly, this factor favors striking defendant Nesi's Answer with affirmative defenses, entering default against him, and allowing plaintiff to proceed to judgment by default as to the individual defendant, Nesi.

2.   Prejudice to the Plaintiff

Based on Nesi's decision to disregard court orders and comply with his discovery obligations, plaintiff is incapable of prosecuting its claims against Nesi. Despite multiple orders from the Court, Nesi has failed to attend two in-person conferences or otherwise defend against this case. The inaction by defendant Nesi has prejudiced plaintiff in its ability to proceed with discovery. Indeed based on the inaction of Nesi, it is impossible for the plaintiff to understand his defenses and adequately respond to the same.

The Third Circuit addressed Poulis' "prejudicial harm" standard in Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). There, plaintiff failed to provide defendants with specific information and documentation concerning the damages calculation in a timely fashion. The court explained "while prejudice for the purpose of the Poulis analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." Id. Prejudice also includes "the irretrievable loss of evidence, the inevitable dimming of witness' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994) (citations omitted).

Here, the prejudice is palpable. Plaintiff is unable to ascertain the defenses of Nesi in this suit or prosecute its claims against him. The decision not to appear at court ordered conferences or otherwise defend against plaintiff's claims weighs in favor of striking Nesi's Answer with affirmative defenses, entering default against him, and allowing plaintiff to proceed to judgment by default as to defendant Nesi.

3.   History of Dilatoriness

Again, Nesi has made no attempt to explain his failure to personally defend against this suit, appear for court appearances, or to comply with discovery obligations. As set forth above, this Court made several efforts to permit Nesi to defend against this suit by adjourning the court ordered conferences, allowing time to secure new counsel after Mr. Denbeaux withdrew from the case, and issuing an Order to Show Cause wherein he was directed to appear for the previously missed August 21, 2012 status conference.

Poulis makes it clear that "[t]ime limits imposed by the rules and the court serve an important

purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history…of ignoring these time limits is intolerable." 747 F.2d at 868. Nesi have failed to either retain counsel or appear at court hearings on August 21, 2012 (resulting in an Order to Show Cause) and September 10, 2012. Despite court orders and deadlines, discovery remains outstanding and Nesi has refused to otherwise participate in his own defense. Therefore, this factor weighs in favor of striking Nesi's Answer with affirmative defenses, ordering that default be entered against him, and allowing plaintiff to proceed to judgment by default as to Nesi.

4. <u>Nesi's Conduct Has Been Willful</u>

Following his attorney's withdrawal from the case, at no time did Nesi ever attempt to contact the Court, comply with plaintiff's discovery demands, or otherwise present a defense in this action. In short, Nesi has never offered an explanation for his non-compliance. The Court is left with no choice but to find that Nesi has willfully failed to comply with court orders, his discovery obligations, or otherwise participate in his defense of this case. Such conduct demonstrates willfulness.

Accordingly, the absence of a reasonable excuse suggests willful conduct or bad faith. See Ware, 322 F.3d at 224 (finding willfulness and bad faith where "[n]o excuse has been proffered for the excessive procrastination of Plaintiff's counsel"). Therefore, this factor weighs in favor of striking Nesi's Answer with affirmative defenses, ordering that default be entered against him, and allowing plaintiff to proceed to judgment by default as to Nesi.

5. <u>Effectiveness of Alternative Sanctions</u>

As the record reflects, this Court has provided Nesi several opportunities to appear at court

ordered conferences and defend against this suit. The record is also replete with the failures of Nesi to do so. To continue to allow Nesi further opportunities to appear at court conferences and present a defense to plaintiff's claims would make this case impossible for the Court to move forward and for plaintiff to prosecute its claims. Nesi's refusal to follow Court Orders has been evidenced both prior to and following his attorney's withdrawal from the case.

The Court has the power to strike a pleading and/or render a judgment by default as a sanction against a party who fails to obey an order regarding discovery. See Fed. R. Civ. P. 37(b)(2). Nesi has made it clear that he will not defend against plaintiff's claims. Despite court orders, the non-compliance has continued. The case cannot move forward. Plaintiff is prejudiced. The only appropriate sanction here is to strike Nesi's Answer with affirmative defenses, order that default be entered against him, and allow plaintiff to proceed to judgment by default as to Nesi.

6.   Meritoriousness of the Defense

The Court has reviewed Nesi's Answer to the Complaint. However, given the bare-boned nature of the pleading, the Court cannot adequately evaluate the merits, if any, of his defense. Accordingly, as it is not necessary for the Court to reach this factor to recommend striking Nesi's Answer with affirmative defenses, entering default against him and allowing plaintiff to proceed to judgment by default as to Nesi, this Court declines to consider this factor in weighing the recommended sanctions.

## CONCLUSION

This Court's recommendation of striking the Answer with affirmative defenses of defendants Piper Ridge and Vincent Nesi, ordering that default be entered against them, and allowing plaintiff to proceed to default judgment as to these defendants is not made lightly. However, this Court is

convinced it is left with no other recourse. This Court offered defendants multiple opportunities to appear at court ordered conferences and comply with discovery obligations, but to no avail. This Court also repeatedly warned them that continuation of this conduct would result in sanctions. Furthermore, with regard to corporate defendant, Piper Ridge, corporations cannot represent themselves pro se under Third Circuit law. See Simbraw v. United States, 367 F.2d 373, 374 (3d Cir. 1996). Under the circumstances, no less onerous sanctions would be appropriate.

For the above reasons set forth, I recommend that the District Court strike the Answer with affirmative Defenses of Defendant Vincent Nesi and corporate defendant Piper Ridge, LLC (Docket Entry No. 7), order that default be entered against them, and that plaintiff be allowed to proceed to judgment by default as to both defendants. The parties have fourteen (14) days from receipt hereof to file and serve objections.

Respectfully Submitted,

MADELINE COX ARLEO
United States Magistrate Judge

Dated: October 2, 2012

Orig:  Clerk of Court
       Hon. Susan D. Wigenton
       All Parties
       File